# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### (609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

## LETTER OPINION

November 18, 2016

John M. Cinti, Esq.
Thomas M. Krick, Esq.
Reger Rizzo & Darnell LLP
200 East Gate Drive
Mt. Laurel, NJ 08054

Adam R. Schwartz, Esq.
Scott A. Levin, Esq.
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962

Timothy D. Barrow, Esq.
Law Office of Timothy D. Barrow
148 Main Street
Lebanon, NJ 08833

Larry E. Hardcastle, Esq.
Lanciano & Associates LLC
2 Route 31 North
Pennington, NJ 08534

Frank L. Corrado, Esq.
Barry, Corrado, Grassi & Gibson PC
2700 Pacific Avenue
Wildwood, NJ 08620

Anthony Longo, Esq.
Caroll McNulty & Kull LLC
120 Mountain View Boulevard
Basking Ridge, NJ 07920

   RE:   Drayage Express, LLC v. International First Service USA d/b/a Global Wine
         Logistics, et al.
         **Civil Action No.: 3-15-cv-3597-FLW-LHG**

Dear Litigants:

Plaintiff Drayage Express, LLC ("Plaintiff") has filed two motions for default judgment against defendants International First Service USA d/b/a Global Wine Logistics ("Global Wine") and Anita McNeil ("McNeil"), the alleged sole owner of Global Wine.  Although Global Wine and McNeil have not filed opposition to the instant motions, defendant Bankers Insurance Company ("Bankers"), a surety, has filed opposition to the motion for default judgment against its principal, Global Wine.  For the reasons set forth below, Plaintiff's motions for default judgment against Global Wine and McNeil are **GRANTED**.

In its Amended Complaint, Plaintiff alleges that defendant Saverglass, Inc. ("Saverglass"), which designs and manufactures glass bottles, entered into a contract with defendant Seli International ("Seli") or its subsidiary, Seli International USA, Inc. ("Seli USA"), "for the importation of goods into the United States through the port of Charleston, South Carolina." See Am. Compl. at ¶¶ 5-10.  Once Seli or Seli USA imported the goods to South Carolina, "Global Wine would sign for the goods and arrange for the inland transportation of the goods" to the point of destination. Id. at ¶¶ 11-12.  In October of 2013, McNeil contacted Plaintiff to arrange for the transportation of the imported goods within the United States, to which Plaintiff agreed. Id. at ¶ 14.  Plaintiff alleges that "Global Wine agreed to pay Plaintiff its agreed upon rates for the movement of the cargo." Id. at ¶ 15.  Over the span of four months, Plaintiff transported the goods for Global Wine. Id. at ¶ 17.  While Plaintiff asserts that it provided Global Wine with invoices for transportation services provided, "there remains a balance due and owing in the amount of $165,320.00." Id. at ¶¶ 18-19.  In connection with the business transactions between Plaintiff and Global Wine, Plaintiff alleges that Global Wine was the principal on three bonds issued by

2

Bankers:[1] (i) a Broker Surety Bond in the amount of $75,000; (ii) an Ocean Transportation Intermediary ("OTI") Bond in the amount of $75,000; and (iii) another OTI Bond in the amount of $50,000.[2]  See id. at ¶ 13; Exs. A-C.

Plaintiff filed its original Complaint on May 28, 2015.  After service was effectuated, and Global Wine and McNeil failed to answer, Plaintiff requested default against those defendants, which the Clerk of the Court entered on July 27, 2015.  Plaintiff then filed two separate motions for default judgment against Global Wine and McNeil, respectively.  Those parties did not file opposition to the motions, nor did any of the other defendants, except for Bankers.  While those two motions were pending, however, Plaintiff filed an Amended Complaint on February 10, 2016.  This Court temporarily terminated the pending motions to allow the parties to submit supplemental briefing, which both parties have supplied.[3]   On April 20, 2016, after the Amended Complaint

---

[1] Plaintiff maintains that Global Wine was acting as a broker or a non-vessel-operating common carrier under the Shipping Acting of 1984 (the "Shipping Act") and its implementing regulations. Id. at ¶ 15.  Pursuant to the Shipping Act, an ocean transport intermediary must obtain a bond that "shall be available to pay any judgment for damages against an ocean transportation intermediary arising from its transportation related activities…."  46 U.S.C. § 40902(b)(3); see 46 C.F.R. § 515.23(b)(2).  An ocean transportation intermediary includes a non-vessel-operating common carrier, see 46 U.S.C. § 40102(19), which is defined as a common carrier that "does not operate the vessels by which the ocean transportation is provided" and "is a shipper in its relationship with an ocean common carrier," see 46 U.S.C. § 40102(16).  However, Bankers disputes this designation.  At this stage of the litigation, the Court need not make a legal determination that Global Wine was operating as a broker or a non-vessel-operating common carrier during its business transactions with Plaintiff.

[2] Both Plaintiff and Bankers agree that these three bonds are executed under the laws of the United States, and that the bonds should be interpreted in accordance with federal law.  In that connection, because the bonds are creatures of federal law, this Court has original jurisdiction under 28 U.S.C. § 1352.

[3] In particular, this Court requested that Plaintiff and Bankers provide supplemental briefing on the following issues: (i) what law applies to the bonds at issue in this matter; (ii) whether Bankers may be bound by a default judgment against Global Wine on a judgment bond; and (iii) whether Bankers is entitled to defend Global Wine, and if so, what defenses Bankers intends to assert as the surety, as well as what defenses it intends to assert on behalf of Global Wine.

was served, default was once again entered against Global Wine and McNeil, since they failed to file an answer or otherwise respond to the pleadings. Five days later, Plaintiff filed anew its motions for default judgment against those defendants. Again, Global Wine and McNeil have not filed opposition, but Bankers has reasserted its opposition to the motion for default judgment against Global Wine.

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, the clerk of the court must first enter default, which is appropriate when the defendant has failed to file an answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a); see Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 18-19 (3d Cir. 1985). Once that procedural hurdle has been satisfied, it is within the sound discretion of the district court whether to grant a motion for default judgment. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); see also Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (stating that "the entry of a default judgment is left primarily to the discretion of the district court."). In exercising its discretion, the district court must evaluate three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164; see Malik v. Hannah, 661 F. Supp. 2d 485, 490 (D.N.J. 2009). Finally, although facts pled in the complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages through further proofs. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); see Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-536 (D.N.J. 2008).

In the instant matter, Plaintiff asserts that it obtained default against Global Wine and McNeil on April 20, 2016, and it requests that this Court enter default judgment against those defendants in the full amount of $165,320.00. With respect to McNeil, Plaintiff certifies that she

4

is not an active member of the United States Armed Forces.  In support of that calculation of damages, Plaintiff provides the certification from Robert Coppola, a Vice President at Drayage Express LLC, which states that Plaintiff provided transportation services to Global Wine from October 16, 2013 through January 23, 2014.  In addition, based on its accounts receivable ledger, Coppola certifies that Global Wine and McNeil owe Plaintiff $165,320.00 for the transportation of goods.[4]  In opposition, relying on Frow v. De La Vega, 82 U.S. 552 (1872) and Federal Rule of Civil Procedure 54(b), Bankers contends that default judgment should not be entered against Global Wine until Bankers and other named Defendants have an opportunity to defend this action on the merits.  Bankers further contends that Plaintiff will not be prejudiced if the entry of default judgment is delayed.  However, Bankers maintains that it will be prejudiced if default judgment is granted, reasoning that its ability to pursue defenses to its own liability may be impaired, specifically that Bankers will be limited in, or foreclosed from, arguing that the judgment did not arise from "transportation related activities" of Global Wine.

In Frow, the plaintiff sued several defendants, alleging that those defendants engaged in a joint conspiracy to defraud him out of a tract of land.  See Frow, 82 U.S. at 554; see also Fed. R. Civ. P. 54(b) (authorizing the entry of a final judgment as to one of multiple defendants in a civil action only if the court finds that there is "no just reason for delay.").  When one of the defendants failed to timely file an answer, the lower court granted default judgment against that defendant,

---

[4] In addition, Plaintiff contends that Bankers does not have standing to assert defenses on behalf of Global Wine.  It is, however, well-settled that a surety is allowed to assert defenses that are available to the principal.  See Knecht, Inc. v. United Pacific Ins. Co., 860 F.2d 74, 85 n.8 (3d Cir. 1988) (stating that "the basic rule of suretyship law that a surety can assert a defense of its principal."); see also U.S. ex rel. Hussmann Corp. v. Fidelity & Deposit Co. of Maryland, 999 F. Supp. 734, 749 (stating that "a surety may assert defenses to payment of a claim that the principal may assert.").  As discussed infra, Bankers does not intend to assert any defenses on behalf of Global Wine.  Rather, Bankers only assert its own surety-related defenses in connection with the payment of the bonds.

adjudging the title of the land to belong to the plaintiff.  Frow, 82 U.S. at 554.  At the conclusion of the trial, however, the lower court dismissed the plaintiff's claims against the remaining defendants.  Id.  In reversing the entry of default judgment against the lone defendant, the Supreme Court held that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."  Id.  The Court explained that the prospect of conflicting judgments is both "unseemly and absurd" when the defendants are jointly liable.  Id.  However, Frow only applies when there is a risk of inconsistent judgments.  See International Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (D.N.J. 1976) ("Frow controls in situations where the liability of one defendant necessarily depends upon the liability of others."); Colony Nat'l Ins. Co. v. Control Building Services, Inc., No. 14-5651, 2015 WL 7296034, at *4 (D.N.J. Nov. 18, 2015) (stating that "courts have interpreted Frow to apply only when default judgment against one defendant creates the possibility of an inconsistent ruling with respect to another defendant").

In the instant matter, Bankers' reliance on Frow is misplaced, since there is no risk of inconsistent judgments.[5]  When asked by the Court what defenses Bankers intends to assert, Bankers identified three defenses to its payment obligations under the three bonds it issued to Global Wine: (i) one of the OTI bonds is not available as the penal sum, since it has already been paid; (ii) Global Wine was acting as neither an ocean freight forwarder nor a non-vessel-operating common carrier with respect to Plaintiff; and (iii) Global Wine was not engaged in the requisite "transportation-related activities" with respect to Plaintiff, so Bankers cannot be obligated to pay

---

[5] Indeed, none of the defendants in this matter, other than Bankers, has filed opposition to the instant motions, even though those defendants have had several opportunities to challenge the validity of Plaintiff's breach of contract claim against Global Wine and McNeil, as well as argue that default judgment against Global Wine and McNeil could potentially lead to inconsistent judgments.

on Plaintiff's claim pursuant to the express terms of 46 C.F.R. § 515.23. Based on its representations in supplemental briefing, Bankers does not intend to assert any defenses on behalf of Global Wine in connection with Plaintiff's claim against Global Wine and McNeil for breach of contract. For instance, Bankers does not contend that Global Wine did not breach its contractual obligations to Plaintiff, or that no validly executed contract existed between the parties. Because Bankers does not intend to assert any defenses on behalf of Global Wine, Bankers' concerns as to the effect that a default judgment against Global Wine will have on its potential obligation to pay out on the bonds at issue is misplaced. Indeed, at its core, Bankers seeks to preserve its own defenses to the payment of the bonds in this litigation. And, an entry of judgment against Global Wine and McNeil will not impact Bankers' ability, as a named defendant in this case, to assert its own surety-related defenses, which are separate and distinct from the contract-based defenses that Bankers has chosen not to pursue on behalf of the principal. Specifically, this Court is making no finding whether (i) one of the bonds is no longer available; (ii) Global Wine was acting as an ocean freight forwarder or a non-vessel-operating common carrier with respect to Plaintiff, or (iii) Global Wine was engaged in "transportation related activities" with respect to Plaintiff. In other words, this Court's entry of default judgment against Global Wine and McNeil does not constitute any finding that would undermine the surety Bankers' defenses.

With respect to the merits of the instant default judgment motions, a plaintiff must establish that "the essential elements of the pleaded claims are present and state factual allegations in support of these elements." Animal Science Prods., Inc., 596 F. Supp. 2d at 848-849. To state a claim for breach of contract, the plaintiff must allege that there is: (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir.

7

2007). In the instant matter, accepting the facts in the pleading as true for the purpose of determining liability, Plaintiff entered into a contract with Global Wine and McNeil, who was the sole owner and alter ego of Global Wine, for the transportation of goods. See Am. Compl. at ¶¶ 14-15, 21. After the contract was formed, Plaintiff transported said goods for a period of approximately four months. Id. at ¶ 17. Although Plaintiff provided timely invoices, Global Wine and McNeil failed to pay Plaintiff in the amount of $165,320.00 for transportation services provided. Id. at ¶¶ 18-19. Thus, Plaintiff has established the essential elements of a breach of contract claim against Global Wine and McNeil.

Furthermore, this Court finds that the factors articulated in Chamberlain also weigh in favor of granting default judgment against Global Wine and McNeil. See Chamberlain, 210 F.3d at 164. First, Plaintiff will be prejudiced if default judgment is denied, especially since Global Wine and McNeil have "refused to participate in this matter, and at present, this delay may stretch on indefinitely." U.S. v. Vo., No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). Even Bankers admits that Global Wine appears to be out of business, and that Global Wine and McNeil are not participating in this action. Second, it appears that Global Wine and McNeil do not have a litigable defense to Plaintiff's breach of contract claim, since those defendants have not raised a defense and the pleadings do not indicate the existence of an available defense. See Jackson Hewitt, Inc. v. Dupree-Roberts, No. 13-388, 2013 WL 4039021, at *6 (D.N.J. Aug. 7, 2013) ("Defendant has been unresponsive in this action. Defendant has offered no defense, and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. The Court assumes that Defendant has no litigable defenses available."). Tellingly, Bankers has not raised any contract-based defenses on behalf of Global Wine. Third, Global Wine and McNeil are "presumed culpable where [they have] failed to answer, move, or

otherwise respond." Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009); Stonebridge Bank v. Nita Properties, LLC, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011).  Finally, Plaintiff requests damages for the sum certain of $165,320.00, which is properly supported by the certifications of Mr. Coppola, as well as Plaintiff's accounts receivable ledger.  See Fed. R. Civ. P. 55(b) (stating that a court need not hold a hearing if the damages are a sum certain).

     Accordingly, the entry of default judgment against Global Wine and McNeil is appropriate in this matter.  However, I stress that this Court's basis for granting the default judgment is limited solely to factual findings that support the contractual relationship, including nonperformance of such a contract, between Plaintiff and Global Wine, and McNeil's status as Global Wine's alter ego.  The issue whether Bankers is obligated to make payment on the bonds remains disputed and Bankers has the right to assert its own surety-related defenses in that regard as this litigation proceeds, unimpeded by the entry of default judgment against its principal.  For the foregoing reasons, Plaintiff's motions for default judgment against Global Wine and McNeil are granted. A separate Order will follow.

Dated: November 18, 2016                              Sincerely,

                                                        /s/ Freda L. Wolfson
                                                        The Honorable Freda L. Wolfson
                                                        United States District Judge